UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| AARON FRANCOIS<br>    LA. DOC #603619<br>VS. | CIVIL ACTION NO. 16-0348<br><br>SECTION P<br><br>JUDGE DOHERTY |
| DARRELL VANNOY | MAGISTRATE HANNA |

MEMORANDUM ORDER

Pro se petitioner Aaron Francois, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on March 14, 2016. Petitioner attacks his 2012 conviction for second degree murder and the life sentence imposed thereon by the Fifteenth Judicial District Court, Lafayette Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Statement of the Case*

On February 23, 2009, a grand jury indicted the petitioner on charges of first degree murder and armed robbery, violations of La. R.S. 14:30 and 14:64. [Rec. Doc. 11, p.11] Trial was severed from the co-defendant on November 9, 2009. *Id.* On State's motion, the trial court amended the indictment on January 20, 2011, to second

degree murder, a violation of La. R.S. 14:30:1(a)(2) and armed robbery. *Id.* On August 15, 2012, petitioner was convicted of armed robbery and second-degree felony murder and on September 13, 2012, was sentenced to life without parole on the felony murder charge. *Id.* at 12. He appealed his conviction and sentence, arguing that the evidence failed to establish that the murder and the underlying felony of armed robbery formed part of a continuous transaction without a significant break in the chain of events. The Third Circuit Court of Appeals affirmed the conviction on the second-degree murder charge and life sentence on June 5, 2013.[1] *State of Louisiana v. Aaron Francois*, 114 So.3d 678 (La. App. 3 Cir. 6/5/13), 12-1438.

On some unspecified date, petitioner applied for writs of certiorari in the Louisiana Supreme Court. On January 27, 2013 his writ application was denied without comments. *State of Louisiana v. Aaron Francois*, 2013-KO-1605 (La. 01/27/14), 130 So.3d 958. He did not apply for certiorari in the United States Supreme Court. [Doc. 1, ¶9(h)]

On or about November 3, 2014, he filed an application for post-conviction relief in the Fifteenth Judicial District Court, raising the following claims: (1)

---

[1] The appellate court found one error patent regarding the conviction. A review of the trial court record revealed that at the close of trial, the judge indicated that in light of the jury's finding that the second degree murder conviction was based on felony murder, she would not impose a sentence for the armed robbery conviction to avoid a double jeopardy violation. Finding that there was a double jeopardy violation as error patent, the Court set aside the conviction for armed robbery because "[t]he remedy for double jeopardy violation for multiple punishments for the same offense is to vacate the *conviction* and *sentence* for the less severely punishable offense[.]" *State v. Francois*, 114 So.3d 678, 681 (La. App. 3 Cir. 6/5/13), 2012-1438 (internal citations omitted). Accordingly, the appellate court vacated the defendant's conviction for armed robbery.

Petitioner's Fifth, Sixth and Fourteenth Amendment rights were violated when he was denied his right to testify; (2) Ineffective assistance of trial counsel due to counsel not allowing him to testify in his own defense at trial; and (3) Indigent petitioner was denied his constitutional rights to appellate review and to any free copy(s) of the records to have an adequate opportunity to fairly present his constitutional claims on post conviction relief. [Rec. Doc. 11, pp. 6-27] Plaintiff raised the following claims, "from his lay memory," in connection with Claim 3: "(1) Trial counsel was ineffective when he failed to object to the state where it was required to prove beyond a reasonable doubt that he petitioner had the specific intent to kill or to commit serious bodily injury.  Petitioner did not have the requisite specific intent to be convicted of second degree murder in violation of his constitutional Sixth Amendment right; (2) Trial counsel was ineffective when he failed to object to the jury selection voir dire by the state without given a racial neutral reason for exclusion of black jurors in violation of his constitutional sixth amendment right; and (3) Petitioner is of the opinion as far as he can remember is that other crucial ineffective assistance of counsel errors were made by his counsel but that he needs a refreshing memory of the requested documents records in order to sufficient and adequately fairly present those claims before the Court that violated his Louisiana and United States Constitutional rights to a fair trial."   [*Id*. at  20]  On or about November 18, 2014, his application was denied. [Rec. Doc. 1, ¶11;Rec.  Doc. 11, pp. 2-3] The Trial

Court did order the Clerk of Court to provide petitioner with a copy of the Indictment/Bill of Information and his sentencing minutes, free of charge. *Id.*

On or about December 12, 2014, Petitioner sought writs in the Third Circuit Court of Appeal, Docket Number 01305-KH, raising the same issues raised in his application for post conviction relief. [Rec. Doc. 12, pp. 10-45] On April 27, 2015, the Third Circuit denied petitioner's writ finding there was "no error in the trial court's November 18, 2014 ruling which denied Relator's November 2014 application for post-conviction relief." [Rec. Doc. 12, p. 3]

On or about May 18, 2015, petitioner sought writs in the Louisiana Supreme Court, Docket Number 15-KH-1005 raising the same issues enumerated above. [Rec. Doc. 13, pp. 2-17] On February 19, 2016, the Louisiana Supreme Court denied writs holding that petitioner failed to show he received ineffective assistance of counsel and, as to remaining claims, that he failed to satisfy his post-conviction burden of proof. [Rec. Doc. 12, pp. 4-5]

Petitioner filed the instant petition on March 14, 2016. Here he claims:

(1) The evidence failed to establish that the murder and the underlying felony of armed robbery formed part of a continuous transaction without a significant break in the chain of events, denial of his constitutional right to testify;

(2) Ineffective assistance of counsel;

(3) Denial of his constitutional right to appellate review and to free copy of the records to have opportunity to fairly present his constitutional claims.

    (a) Trial counsel was ineffective when he failed to object to the state where it was required to prove beyond a reasonable doubt that he petitioner had the specific intent to kill or to commit serious bodily injury.  Petitioner did not have the requisite specific intent to be convicted of second degree murder in violation of his constitutional Sixth Amendment right;

    (b) Trial counsel was ineffective when he failed to object to the jury selection voir dire by the state without given racial neutral reason for exclusion of black jurors in violation of his constitutional sixth amendment right; and

    (c) Petitioner is of the opinion as far as he can remember is that other crucial ineffective assistance of counsel errors were made by his counsel but that he needs a refreshing memory of the requested documents records in order to sufficient and adequately fairly present those claims before the Court that violated his Louisiana and United States Constitutional rights to a fair trial.

[Doc. 1-1]

### *Order*

In order to determine an appropriate course of action:

**THE CLERK IS DIRECTED** to prepare summons and serve a copy of

1. The petition for writ of *habeas corpus* and its accompanying memorandum

[Docs. 1 & 1-2] by **CERTIFIED MAIL** on:

    (1) The Attorney General for the State of Louisiana, and,

    (2) Warden, Louisiana State Penitentiary,

by **REGULAR FIRST CLASS MAIL** on:

    (3) The District Attorney for the Fifteenth Judicial District, Lafayette Parish,

Louisiana, where petitioner was convicted and sentenced;

**IT IS ORDERED** that respondent, through the District Attorney, file within **forty (40) days** after the date of service of summons:

1. An answer to the petition.

   (a) **The answer shall state whether petitioner has exhausted state remedies**, including any post-conviction remedies available to him under Louisiana law, by properly presenting to the Supreme Court of Louisiana <u>all</u> issues raised in this petition. If respondent claims that petitioner has failed to exhaust his state remedies, respondent shall state whether petitioner has any available procedural vehicle by which he may present his claims to the state courts, and if not, respondent shall present applicable case law as to whether this court should reach the merits of the claims. <u>**If respondent contends that petitioner has procedurally defaulted on any ground presented in this petition, respondent should raise the defense of procedural default.**</u>

   <u>**Respondent shall also address whether the claims presented herein are cognizable on federal *habeas* review, and if they are not cognizable, respondent shall present applicable case law as to why the claims are not properly before this court.**</u>

   **Respondent should also state whether petitioner demonstrates that any of the claims presented herein have been adjudicated in state court proceedings which resulted in: (1) a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. See, 28 U.S.C. § 2254(d) as amended by § 104(d) of the AEDPA.**

   **Respondent should also state whether petitioner has rebutted by clear and convincing evidence any factual determination**

       **made by a state court and which is presumed to be correct in this proceeding. See, 28 U.S.C. § 2254(e)(1), as amended by §104(e) of the AEDPA.**

(b)    In the event the State contends that it has been prejudiced in its ability to respond by petitioner's delay in filing or that the petition is a second or successive petition under 28 U.S.C. § 2254, the State shall set forth such contentions with particularity.

(c)    **Respondent is further ordered to specifically address whether the filing deadlines contained in 28 U.S.C. § 2244(d)(1), (as amended by Section 101 of AEDPA), are applicable to this proceeding and bar review of petitioner's claims.**

2.    A memorandum brief of law in support of all issues raised in the answer, citing relevant Fifth Circuit authority and <u>referring to the pertinent page numbers</u> in the state court record in support of the answer. **A COPY OF THE BRIEF FILED IN STATE COURT <u>WILL</u> <u>NOT</u> BE DEEMED SUFFICIENT IN THIS PROCEEDING.**

3.    A certified copy of the state court record, including transcripts of all proceedings held in the state courts;

4.    A certified copy of all documents, including all briefs or memoranda of any party, filed in connection with any appeal, application for post-conviction relief, or writ application presented to any and all state, district courts, appellate courts or the Louisiana Supreme Court; and

5.    Certified copies of, or citations to, all state court dispositions, including the Louisiana Supreme Court decision pertaining to the conviction under attack.

**The pages of the records shall be arranged in chronological sequence, securely bound together and numbered consecutively (handwritten numbers are**

**acceptable). An index describing each item of the records sent and showing each item's page number shall also be attached.**

**A PAPER COURTESY COPY OF THE ENTIRE STATE COURT RECORD ELECTRONICALLY FILED INTO THE RECORD BY THE STATE SHALL BE DELIVERED TO CHAMBERS OF MAGISTRATE JUDGE PATRICK J. HANNA COMMENSURATE WITH FILING.**

In the event the District Attorney is unable to produce any of the above documents, he shall advise this court in writing why he is unable to produce them.

**IT FURTHER IS ORDERED** that petitioner is allowed twenty (20) days following the filing of each respondent's memorandum in which to file any response he wishes to present to this court.

After the record is complete and all legal delays have run, the court will determine the necessity of an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will issue without further notice.

**IT FURTHER IS ORDERED** that, as a condition to their acceptance by the Clerk, all future filings by petitioner or respondent shall include a certificate indicating that a copy thereof has been furnished to the other parties.

Lafayette, Louisiana this 30th day of January, 2016.

_____

**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**